**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LIZZETTE GONZALEZ,**

      **Plaintiff,**      **Civil Action No. _____**

**-against-**          **COMPLAINT**

**MIDLAND FUNDING LLC,**    **Jury Trial Demanded**

      **Defendant.**

---

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violation so of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Lizzette Gonzalez ("Gonzalez") is a natural person residing in the County of Monroe at 1509 Winton Road N., Rochester, NY 14609.

4. Upon information and belief, Defendant, Midland Funding LLC ("Midland Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Midland Funding is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6).

6. Gonzalez qualifies as an individual consumer pursuant to the FDCPA for purposes of this action.

### IV.   FACTUAL ALLEGATIONS

7. On or about January 25, 2013, Midland Funding filed a collection action against Gonzalez in Rochester City Court, Rochester, New York, entitled Midland Funding LLC v. Lizzette Gonzalez, Index No. 015827/12.

8. The complaint in the collection action alleged two causes of action. In the first cause of action Midland Funding alleged that it purchased a credit card account from Credit One Bank, N.A. on which Gonzalez was liable for $764.30 plus interest, and in the second cause of action claimed that Gonzalez was liable to Midland Funding for the same amount as a result of an account stated on the credit card account.

9. Midland Funding claimed in the collection complaint to have obtained the credit card account originally owned by Credit One Bank, N.A., on which it brought a lawsuit against Gonzalez, after the credit card account was already in default.

10. Gonzalez retained an attorney, David M. Kaplan, to defend her in the collection action. Gonzalez interposed an answer in which she denied the allegations of the collection action complaint, and raised various affirmative defenses, including lack of standing. Gonzalez' attorney requested that Midland Funding produce documentation that showed Midland Funding purchased and was assigned a debt on which Gonzalez was originally indebted to Credit One Bank, N.A. Although Midland Funding produced copies of various documents, Midland Funding failed to produce any documents that

showed that it purchased and was the owner of any debt on which Gonzalez was originally liable to Credit One Bank, N.A. as alleged in the collection complaint.

11. Gonzalez' attorney brought a motion to dismiss the collection action complaint in Rochester City Court based on Midland Funding's lack of standing and inability to prove that it was the owner of the alleged Credit One Bank, N.A. credit card account on which the collection action was based. Because Midland Funding could not show that it owned any credit card debt on which Gonzalez was alleged to be originally liable to Credit One Bank, N.A., Midland Funding had no basis on which to attempt to collect any such debt from Gonzalez.

12. Prior to the return date of the motion to dismiss, Midland Funding's collection action against Gonzalez was discontinued with prejudice pursuant to a Stipulation Discontinuing Action dated April 2, 2013, signed by the attorneys for the parties and duly filed in Rochester City Court.

13. Upon information and belief, Midland Funding failed to send any verification notice at any time to Gonzalez.

### V.  FIRST CLAIM FOR RELIEF

14. Gonzalez repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

15. Midland Funding violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Midland Funding misrepresented in the collection complaint that it owned a credit card debt on which Gonzalez was liable for $764.30 plus interest, when

in fact it did not own such debt.  Midland Funding violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Gonzalez the character, amount and legal status of the alleged debt.  Midland Funding represented in the collection complaint that it owned the alleged debt in the amount stated, when in fact it had no basis for asserting such ownership, and therefore no legal basis on which to ever attempt collection of the debt.  Midland Funding also violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

16.   Midland Funding violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Midland Funding violated the general application of § 1692f because it did not own the credit card debt alleged to be owed by Gonzalez in the collection complaint.  Midland Funding also violated the specific conduct prohibited by § 1692f(1) because there is no agreement that authorizes Midland Funding to collect any amount from Gonzalez with regard to any Credit One Bank, N.A., credit card account.

17.   Upon information and belief, Midland Funding violated § 1692g(a) by failing at any time to send Gonzalez a verification notice.

18.   As a result of the above violations of the FDCPA, Midland Funding is liable to Gonzalez for her actual damages for the cost of attorney fees in defending the lawsuit

in Rochester City Court in the amount of $1,812.50, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages in the amount of $1,812.50.

B.  Statutory damages pursuant to 15 U.S.C. § 1692k.

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  For such other and further relief as may be just and proper.

Dated: April 22, 2013

                                      Respectfully submitted,

                                      s/David M. Kaplan
                                      David M. Kaplan
                                      Attorney for Plaintiff
                                      2129 Five Mile Line Road
                                      Penfield, NY 14526
                                      585-330-2222
                                      dmkaplan@rochester.rr.com

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

                                      s/David M. Kaplan
                                      Attorney for Plaintiff